# United States District Court
## For the Western District of Virginia
### Harrisonburg Division

|  |  |
|---|---|
| MAXINE CAMPBELL BREEDEN, ) | Civil No. 5:11cv00110 |
| ) |  |
| *Plaintiff,* ) | **REPORT AND** |
| v.  ) | **RECOMMENDATION** |
| ) |  |
| MICHAEL J. ASTRUE, ) | By: James G. Welsh |
| Commissioner of Social Security ) | U. S. Magistrate Judge |
| ) |  |
| *Defendant* ) |  |

The plaintiff, Maxine Campbell Breeden, brings this civil action challenging a final decision of the Commissioner of the Social Security Administration ("the agency") denying her application for a period of disability insurance benefits ("DIB") under Title II of the Social Security Act, as amended ("the Act"), 42 U.S.C. §§ 416 and 423. Jurisdiction of the court is pursuant to 42 U.S.C. § 405(g).

The record shows that the plaintiff protectively filed her application on January 20, 2010. (R.10). Therein, she alleged that she became disabled beginning September 1, 2009. Her claim was denied initially, on reconsideration, and for a third time following an administrative hearing by written decision dated May 13, 2011. (R.7-16,17-48,66-70,74-80). After unsuccessfully seeking Appeals Council review (R.1-5), the unfavorable decision of the Administrative Law Judge ("ALJ") now stands as the Commissioner's final decision. *See* 20 C.F.R. §404.981.

Along with his Answer (Dkt. # 5) to the plaintiff's Complaint (Dkt. # 1), the Commissioner has filed a certified copy of the Administrative Record ("R.") (Dkt. # 7), which includes the evidentiary basis for the findings and conclusions set forth in the Commissioner's final decision. By standing order this case is before the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Both parties have since moved for summary judgment; each has filed a supporting memorandum of points and authorities, and by telephone conference the views of counsel were heard on November 1, 2012. [1] (Dkt. # 16).

## I. Summary and Recommendation

Applying the agency's five-step sequence for making disability determinations, the administrative law judge ("ALJ") found that the plaintiff meets the insured status requirements of the Act through February 28, 2013 and that she has not engaged in substantial gainful activity since September 1, 2009. (R.12). He then found that the plaintiff had the *severe* impairment of "breast cancer and residual problems." (R.12). He next concluded that this impairment neither met nor medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R.13). At the fourth sequential step, without any consideration of the exertional requirements of her past relevant work, the ALJ concluded that the plaintiff was "capable performing her past relevant work as a housekeeper/cleaner." (R,16).

To reach this step four result, without explanation or apparent reason the ALJ classified the plaintiff's past relevant work as exertionally "light" based solely his apparently arbitrary

---

[1] Pursuant to leave of court, by counsel the Commission filed a supplemental letter addressing certain points raised during oral argument. (Dkt. # 17).
2

Case 5:11-cv-00110-MFU-JGW   Document 18   Filed 12/14/12   Page 2 of 13   Pageid#: 494

choice of one of several potentially relevant listings in the Dictionary of Occupational Titles ("DOT"). (*Id.*). Thereby, *ipse dixit* (using the bare assertion fallacy) the ALJ determined that the plaintiff was ineligible to receive social security disability benefits without any reference to the exertional requirements of her past work. (R.14-16).

On appeal, the plaintiff's first challenge to the decision is its basis on this *faux pas* in logic and on the basis of the record that shows her past relevant work was in fact exertionally more demanding than the ALJ's "light work" classification. She also challenges the ALJ's decision on two additional grounds. She argues that he erred at step three by failing to conclude that in combination her "exertional and non-exertional impairments" are of listing-level severity, and she also argues that the ALJ erred by giving "little, if any, weight" to the opinion of her treating physician.

After a full and careful review of the record and the parties' arguments, [2] the undersigned concludes that the ALJ erred by basing his non-disability conclusion on a logical misstep and a disregard of undisputed evidence showing the plaintiff's past relevant work required a level of exertion exceeding that for light work. Accordingly, it is recommended that the Commissioner's final decision be vacated and this matter be remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## II.     Standard of Review

---

[2]   The agency asks the court to dismiss the appeal because Breeden is ineligible for reasons other than those given in its decision. The Court will not consider these arguments. *See SEC v. Chenery Corp*, 318 U.S. 80, 87–88 (1943) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.").

3

The court's review in this case is limited to determining whether the factual findings of the Commissioner are supported by substantial evidence and whether they were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but it may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). The court is "not at liberty to re-weigh the evidence . . . or substitute [its] judgment for that of the [ALJ]." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted).

Substantial evidence review is deferential, but it is not a "rubber stamp." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). In applying this standard, reviewing courts examine the entire record, not just the evidence supporting the agency's conclusion. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Clifford*, 227 F.3d at 869. *See also Universal Camera Corp. v. NLRB*, 340 U.S. 474, 478 (1951). And while the ALJ need not discuss every shred of evidence in the record, his analysis must be thorough enough for the reviewing court to "trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307-308 (7th Cir. 1995). When an ALJ ignores an entire line of evidence that conflicts with his findings, meaningful review is impossible and the court must remand. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. The Administrative Record

#### A. Summary of Facts

4

In September, 2009, the plaintiff sought medical treatment for chronic pain in her left biceps and a knot in her left brest. (R.191). After undergoing diagnostic tests, she was diagnosed with stage 1 breast cancer. (R.147,202,208). A lumpectomy was performed to remove the mass and prescribed a course of radiation and chemotherapy was initiated. (R.208,213-218, 356). This post-surgical treatment regime was subsequently completed during April 2010, and she has remained cancer free since that time. (R.257). [3]

During and after her cancer treatment, the plaintiff separately developed worsening pain in her lower back and right leg. (R.27,337-350). She was prescribed a neuropathic pain reliever (gabapentin) and opioid pain relievers (acetaminophen and hydrocodone). (R.30,165). Despite this medication regime, her pain persists, and at the hearing she described her level of pain as "about an eight" on a scale of one to ten. (R.28). She also testified that the hydrocodone in her medications makes her drowsy during the day. (R. 30).

According to the record, the plaintiff requires help with household chores; she is unable to persist with any housework for longer than about twenty minutes without resting. (R. 0,43). She testified that she is unable to stand for longer than roughly fifteen minutes without needing to rest. (R. 29). And in her Function Report, her list of functional limitations included an ability to lift only 10 lbs., difficulty with any bending or kneeling, and tiring easily. (R.168,171)

### B. Evidence Pertaining to Plaintiff's Past Work

---

[3] Breeden's cancer appears to fall short of the one-year durational requirement. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).

5

Because the proceedings before the agency focused chiefly on the plaintiff's medical history and on her residual functional capacity, the record contains relatively scant evidence regarding her work history. In the "Job History" section of an undated Disability Report, she indicated that she had worked five prior jobs as a housekeeper at assisted living facilities, hotels, and a lodge. (R.149). At the hearing she described her job at Life Care Associates as housekeeping and her work at Aramark Food and Support Services in 1999 as housekeeping at a hotel or motel. (R.26). In her Work History Report she similarly described her work as "House Keeping" at Life Care Center nursing home between February 2005 and September 2009. (R.156-163) (R.156-163). As she described this work, it required her to dust, mop, clean rooms, occasionally move furniture, and carry a mop and bucket weighing up to 30 lbs. on a regular basis. (R.156-157). In her testimony she also confirmed that none of her past work required her to supervise any other employees. (R.26).

### IV. Analysis

#### A.

As previously noted hereinabove, the ALJ employed the bare assertion fallacy (*ipse dixit*) as the basis for his step four determination that the plaintiff was capable of performing her past work and thereby avoid any reference to the exertional requirements of that past work. (R.14-16). On appeal, the plaintiff challenges the ALJ's finding that she is ineligible to receive a period of disability insurance benefits on the basis on this *faux pas* in logic and on the basis of the record that shows her past relevant work was in fact exertionally more demanding than the ALJ's "light work" classification.

6

Without any reference to the record, the ALJ in this case simply divined that as performed the plaintiff's past relevant work as a housekeeper entailed only a light [4] level of exertion — in other words, that it involved "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). And to justify this assumption, he arbitrarily classified her past work as that of a cleaner, housekeeping (any industry) (alternate title: maid) under Dictionary of Occupational Titles ("DOT") code number 323.687-014 — a DOT job title requiring only a light exertional level. (R. 16).

**B.**

It is also apparent from the record that it was "manifestly inappropriate" for the ALJ to place sole reliance on the Dictionary of Occupational Titles, especially in the face of conflicting evidence. *Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). "The fact that [the plaintiff's] former employer labeled [her] job as that of a '[housekeeper]' does not prove that [she] was engaged in the occupation the *Dictionary* … labels as '[cleaner/housekeeper]' and identifies as [light work]." *DeLoatche v. Heckler*, 715 F.2d 148, 151 (4th Cir. 1983). As the agency itself has

---

[4] To determine the exertional requirements for occupations in the national economy, jobs are classified by the agency as sedentary, light, medium, heavy, and very heavy, 20 C.F.R. § 404.1567 and § 416.967. Light work requires lifting no more than 20 pounds and frequently carrying 10 pounds, and a good deal of walking or standing, or sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567(b). To be considered capable of performing a full range of light work, the relevant elaboration in Social Security Ruling ("SSR") 83-10 provides that an individual must be able to stand and walk, off and on, for a total of approximately 6 hours of an 8-hour workday.

7

recognized, generic labels often reveal little about the level of exertion that a particular line of work requires. "While 'delivery jobs,' or 'packaging jobs,' etc., may have a common characteristic, they often involve quite different functional demands and duties requiring varying abilities and job knowledge." SSR 82-61. Thus, a "[f]inding that a claimant has the capacity to do past relevant work on the basis of a generic occupational classification of the work is likely to be fallacious and unsupportable." *Id.*

Illustrative of this decisional error, in *DeLoatche*, the claimant had worked as a school social worker and testified at the administrative hearing that this job required her to stand and walk for three hours per day, drive between several schools and some students' homes, and frequently bend and reach for objects and carry them. 715 F.2$^d$ at 149. Despite this uncontroverted testimony in the record showing her past relevant work to be exertionally light, the ALJ classified this job as "sedentary" based solely on the classification of the job of "school social worker" in the DOT as a sedentary occupation. *Id.* at 151. On appeal, the Fourth Circuit reversed and ordered the case remanded to the agency for further consideration. Although the Fourth Circuit recognized that the agency could "rely on the general job categories of the [DOT] as presumptively applicable to a claimant's prior work," it noted that "[t]he claimant may overcome [this] presumption … by demonstrating that her duties were not those envisaged by the framers of the [Commissioner's] category." *Id.*

Similarly, the Fourth Circuit concluded that reversal and remand to the agency were required in *Smith v. Heckler*, where the owner of a small appliance repair business was denied a period of disability insurance benefits, despite being unable to continue work that included lifting

heavy television sets after suffering two heart attacks. 782 F.2$^d$ 1176, 1177 (4th Cir. 1986). Therein, the ALJ non-disability conclusion was based on a finding that the claimant could perform his past work that required only a medium level of exertion. In reaching this conclusion, the ALJ ignored completely the plaintiff's testimony that his past work repairing televisions required him to regularly lift television sets weighing (this was the early 1980s, after all) in excess of 150 lbs. *Id.* at 1180.

As in *DeLoatche* and *Smith*, the instant case illustrates the folly in relying exclusively on generic labels in the DOT despite conflicting evidence in the record.

This same level of folly and arbitrariness is also evident, when ones compares the DOY's "cleaner, housekeeping" occupation (the job title selected by the ALJ) with the very next job listed in the DOT(number 323.687-018, entitled "Housecleaner (hotel & rest.)." The DOT describes this job as requiring one to "maintain hotel premises in clean and orderly manner," and it lists the specific duties of this job to include organizing and laundering linens, hanging drapes, moving furniture, turning mattresses, polishing metalwork, and "other duties as described under CLEANER (any industry)." And according to the DOT, this job requires a heavy level of exertion.

On review, it is not clear how "Cleaner, Housekeeping (any industry)" and "Housecleaner (hotel & rest.)" differ but for their strenuousness. It is even less clear how the plaintiff's description of her past work fits the first description any better than the second. It

9

certainly does not go without explanation (much less without saying) that her job fits better in DOT 323.687-014 than DOT 323.687-018.

## C.

Setting aside the ALJ's failure to consider the actual physical requirements of the plaintiff's past work as a housekeeper, his conclusion that she is still able to do that work raises other equal, if not more fundamental, concerns. Her work as a housekeeper — cleaning rooms, washing and folding linens, moving furniture, etc. — required her to perform what are essentially household chores for 7 ½ hours per day. (R. 157). And there is no way to reconcile the ALJ's finding that she could perform this work on a regular and sustained basis with the extensive evidence in the record that her ailments significantly limited her ability to perform household chores.

For example, the plaintiff's Disability Report records her "[inability] to do housework" since undergoing chemotherapy, because her legs tire easily. (R. 154). In her Function Report dated March 7, 2010, she reports that she has to rest every 20 minutes while doing housework, and that she sometimes needs help with these chores. (R. 168). Likewise, at the hearing she reiterated her continuing need for help with household chores. (R.32,41,43). In particular, she stated that she needed her daughter's help with mopping floors, vacuuming, and hanging clothes to dry. (R. 41).

Fully collaborating these statements is her primary care physician's confirmation of the fact that she tires easily and suffers from significant limitations in several physical activities. (R.

10

352-353). Additionally, her daughter testified at the hearing that her mother needed to lay down most of the day because of pain and because of drowsiness from her pain medication. (R. 45-46).

Without making any effort to consider this uncontradicted evidence on its merits, the ALJ simply rejected them "to the extent that they are inconsistent with [his] residual functional capacity assessment." (R. 15). In its recent criticism of this language as "meaningless boilerplate," the Seventh Circuit observed that fact finder's statement "that a witness's testimony is 'not *entirely* credible' yields no clue to what weight the trier of fact gave the testimony." *Parker v. Astrue*, 597 F.3d 920, 921-22 (7th Cir. 2010) (emphasis in original).

This court is not herein required to decide whether this boilerplate language standing alone is sufficient to discredit the plaintiff's testimony about her functional limitations and thereby require a remand. It should, however, be noted that this aspect of the ALJ's decision is disturbing, especially in light of the ALJ's dubious conclusion that the plaintiff could do the same chores for seven hours in the workplace that she is unable to do for half an hour at her own home.

### D.

On appeal the plaintiff also argues that the agency was obliged to provide vocational testimony concerning her functional ability to perform her past relevant work. Citing *Smith v. Bowen*, in his response the Commissioner argues that such evidence at sequential step four is not required and that it would be error to do so. 837 F.2d 635, 637 (4th Cir. 1987) (holding that it was "improper" for an ALJ to rely on a vocational expert at step 4 where regulations provided for use of a vocational expert only at step five). However, *Smith v. Bowen* was superseded by a 2003

11

amendment to agency regulations that expressly allows an ALJ to consider vocational experts at step four. *See* 20 C.F.R. § 404.1560(b)(2); *Prim v. Astrue*, 127 Soc. Sec. Rep. Service 423, *20-21 (WDVa. 2008). Nevertheless, it is not the court's function to tell the agency whether, in this particular circumstance, it must hire a vocational witness in order to determine whether the plaintiff can perform her past relevant work.

### V.     Recommended Findings & Conclusions

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. The Commissioner's final decision is neither in all respects rational nor in all material respects is it supported by substantial evidence;

2. The ALJ's assessment of the plaintiff's credibility was not based on substantial evidence;

3. The plaintiff's past relevant work was performed at a medium exertional level;

4. The ALJ's description of the exertional requirements of plaintiff's past relevant work on the basis of a generic occupational classification in the DOT is not supported by substantial evidence;

5. Using the bare assertion fallacy, the ALJ erred in determining that the plaintiff was ineligible to receive social security disability benefits without any reference to the exertional requirements of her past work;

6. The Commissioner has failed to meet his burden of proving that through the date of the ALJ's decision that the plaintiff possessed the residual functional ability to perform work which existed in significant numbers in the national economy; and

7. The Commissioner's final decision should be vacated, and the case remanded for further consideration, consistent with this Report and Recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

### VI.    Recommended Disposition

It is recommended that the Commissioner's motion for summary judgment be DENIED, the plaintiff's motion for summary judgment be DENIED, the Commissioner's final decision be VACATED, the case be REMANDED for further proceedings consistent with this opinion pursuant to **Sentence Four of 42 U.S.C. § 405(G)**, and the case DISMISSED from the active docket of the court.

The clerk is directed to transmit the record in this case immediately to the presiding United States district judge and to transmit a copy of this Report and Recommendation to all counsel of record.

### VII.    Notice to the Parties

Both sides are reminded that pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof.  Any adjudication of fact or conclusion of law rendered herein by the undersigned to which an objection is not specifically made within the period prescribed by law may become conclusive upon the parties.  Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitals or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objections.

DATED: This 14th day of December 2012.

s/*James G. Welsh*
United States Magistrate Judge
