CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 07 2013
JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MAXINE CAMPBELL BREEDEN, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:11cv00110 |
| v. | ) |
| MICHAEL J. ASTRUE, | ) By: Michael F. Urbanski |
| Commissioner of Social Security, | )     United States District Judge |
| Defendant. | ) |

## MEMORANDUM OPINION

This social security disability appeal is before the court for review of the Report and Recommendation issued in this case by the magistrate judge, in which it is recommended that this matter be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. The Commissioner has filed an objection to the Report and Recommendation pursuant to Federal Rule of Civil Procedure 72(b). For the reasons set forth below, the court overrules the Commissioner's objection and adopts the magistrate judge's recommendation that this case be remanded to the Commissioner.

### I.

Plaintiff filed an application for disability insurance benefits on January 20, 2010, alleging a disability onset date of September 1, 2009. The Commissioner denied her application for benefits initially and again on reconsideration. An administrative hearing was held on April 18, 2011. In a decision issued on May 13, 2011, the administrative law judge (ALJ) determined that plaintiff had severe impairments consisting of breast cancer and residual problems. Considering these impairments, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform a full range of light work. Based on this RFC, the ALJ determined that plaintiff could perform her past relevant work at step four of the sequential evaluation

process, see 20 C.F.R. § 404.1520(a)(4), and thus that she is not disabled under the Social Security Act. The Appeals Council denied plaintiff's request for review and this appeal followed.

This matter was referred to the magistrate judge for proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties filed cross motions for summary judgment and supporting memoranda, and the magistrate judge issued his Report and Recommendation on December 14, 2012. The magistrate judge concluded that remand is necessary in this case because the Administrative Law Judge (ALJ) erred at step four of the sequential evaluation process in determining plaintiff can perform her past relevant work as a housekeeper / cleaner. The magistrate judge found that the ALJ disregarded undisputed evidence showing the plaintiff's past relevant work required a level of exertion exceeding that for light work. According to the magistrate judge, the ALJ classified plaintiff's past relevant work as exertionally light based on his arbitrary choice of one of several potentially relevant listings in the Dictionary of Occupational Titles (DOT) – that of a Cleaner, Housekeeping (any industry) alternate titles: maid (DOT 323.687-014). In so choosing, the ALJ improperly relied on a broad, generic classification of plaintiff's occupation, the first of three tests set forth in Social Security Ruling (SSR) 82-61[1] for determining whether or not a claimant retains the

---

[1] SSR 82-61 outlines three possible tests for determining whether or not a claimant retains the capacity to perform his or her past relevant work:

> 1. Whether the claimant retains the capacity to perform a past relevant job based on a broad, generic occupational classification of that job, e.g., "delivery job," "packaging job," etc. Finding that a claimant has the capacity to do past relevant work on the basis of a generic occupational classification of the work is likely to be fallacious and unsupportable. . . .
>
> 2. Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it. Under this test, where the evidence shows that a claimant retains the RFC to perform the functional demands and job duties of a particular past relevant job as he or she actually performed it, the claimant should be found to be "not disabled." (cont...)

2

capacity to perform her past relevant work. Because this test "is likely to be fallacious and unsupportable" per SSR 82-61, the magistrate judge recommends remand.

The Commissioner objects to the Report and Recommendation, arguing that the magistrate judge's findings "appear to be based on a mistaken conclusion that the ALJ determined that Plaintiff could perform her past relevant work as a housekeeper / cleaner as she *actually* performed it." Def.'s Obj., Dkt. # 19, at 2. The Commissioner asserts the ALJ in fact found plaintiff to be not disabled at step four because she can perform her past relevant work as generally performed, a conclusion that finds support in the regulations. See 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1560(b)(2); see also SSR 82-61. In so finding, the ALJ did not rely on the first test outlined in SSR 82-61 but on the third, which asks whether the claimant retains the capacity to perform the functional demands of the job as generally performed by employers throughout the national economy and, if answered in the affirmative, requires a finding of not disabled. According to the Commissioner, the ALJ's decision is supported by substantial evidence.

## II.

As the Commissioner correctly asserts, a finding of not disabled is appropriate when a claimant can perform the demands of her previous work, either as she actually performed it or as generally performed in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1560(b)(2); see Johnson v. Barnhart, 329 F. Supp. 2d 751, 755 (W.D. Va. 2004) (holding the language in the regulations "clearly indicates that the 'past relevant work' inquiry at Step 4 is, in fact, both a

---

3. Whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy. . . . Under this test, if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be "not disabled."

3

particularized and generalized inquiry."). Indeed, SSR 82-62 states that "[t]he [Residual Functional Capacity] to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of 'not disabled.'" In the instant case, the ALJ concluded that plaintiff is able to perform her past relevant work "as generally performed." (Administrative Record, hereinafter "R.," 16.) Thus, the regulations would support a finding of not disabled if plaintiff could perform the level of exertion generally required of housekeepers / cleaners, even if she could not perform the level of exertion required of her job as she actually performed it. The problem with this particular case, however, is that the ALJ's failure to provide any explanation for his classification of plaintiff's past work as a job generally performed at the light level of exertion leaves the court without any meaningful opportunity for judicial review.

The Commissioner insists that in making his step four determination, the ALJ employed the third test outlined in SSR 82-61 and determined that plaintiff has the capacity to perform the functional demands and job duties of her past work as generally required by employers throughout the national economy. In making such a finding, SSR 82-61 specifically provides that "Dictionary of Occupational Titles (DOT) descriptions can be relied upon—for jobs that are listed in the DOT—to define the job as it is usually performed in the national economy." SSR 82-61. In this case, the ALJ relies upon the job of Cleaner, Housekeeping (any industry) alternate titles: maid (DOT 323.687-014), generally performed at the light exertional level, in concluding plaintiff can perform her past relevant work. But he fails to provide any explanation or reason for his choice of DOT 323.687-014 as the DOT listing comparable to plaintiff's past relevant work, instead of the more specific classifications of DOT 323.687-018 Housecleaner (hotel & rest.) alternate titles: hall cleaner; mover; night cleaner, which is generally performed at

4

the heavy level of exertion, or DOT 323.687-010 Cleaner, Hospital (medical ser.) alternate titles: housekeeper, hospital, which is generally performed at the medium level of exertion. The fact that plaintiff previously worked as a housekeeper in a hotel / lodge and in an assisted living facility (R. 149, 156-63) raises a question as to whether DOT 323.687-018 or DOT 323.687-010 might better describe the demands of her previous work. Both of these jobs are generally performed at a greater exertional capacity than what plaintiff is capable of, according to the ALJ's RFC determination, and would not support a finding at step four of not disabled.

The ALJ simply fails to explain his reasoning for relying on DOT 323.687-014 instead of DOT 323.687-018 or 323.687-010, foreclosing the possibility of any meaningful judicial review. His step four finding consists only of the following:

> **6. The claimant is capable of performing past relevant work as a housekeeper / cleaner. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).**
>
> The claimant has the residual functional capacity to perform the full range of light work. The residual functional capacity established by the Administrative Law Judge does not preclude the return to past relevant work of housekeeper / cleaner (DOT 323.687-014) that is classified by the United States Department of Labor's Dictionary of Occupational Titles as light, unskilled (special vocational preparation 2) work.
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as generally performed.

(R. 16.) The inquiry into plaintiff's past relevant work at the administrative hearing is just as terse:

> Q. For the folks at Life Care Associates you were doing housekeeping for them?
>
> A. Yes, sir.

> Q. Okay. And there was one other place that I wanted to ask about. I know you've done a lot of housekeeping in the past.
>
> A. Yes, sir.
>
> Q. Nineteen-ninety-nine, AriMark [phonetic] Food and Support Services, was that doing housekeeping ma'am?
>
> A. Yes, sir.
>
> Q. Okay. Was that for a hotel or a motel?
>
> A. Yes.
>
> Q. Okay. And in working as a housekeeper were you ever supervising other employees' ma'am?
>
> A. No, sir.

(R. 26.)

The decision as to whether a claimant retains the functional capacity to perform her past relevant work "is an important and in some instances, a controlling issue," and it "must be developed and explained fully in the disability decision." SSR 82-62. As the ruling states:

> The rationale for a disability decision must be written so that a clear picture of the case can be obtained. The rationale must follow an orderly pattern and show clearly how specific evidence leads to a conclusion.
>
> . . .
>
> The explanation of the decision must describe the weight attributed to the pertinent medical and nonmedical factors in the case and reconcile any significant inconsistencies. Reasonable inferences may be drawn, but presumptions, speculations and suppositions must not be used.

Id. The ALJ's opinion in this case is devoid of the specificity and careful analysis required by SSR 82-62.

In sum, it is impossible for the court to determine, on this record, whether the ALJ appropriately applied the third test set forth in SSR 82-61 (whether plaintiff retains the capacity to perform the functional demands of the job as generally required by employers), as the Commissioner argues, or whether he employed the first test (whether plaintiff retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job), the latter of which is "fallacious and unsupportable." SSR 82-61. At the end of the day, there is simply not enough evidence to allow the court to engage in any type of meaningful judicial review of the ALJ's step four determination. Thus, the court accepts the magistrate judge's recommendation that remand is appropriate in this case.

### III.

For these reasons, the magistrate judge's Report and Recommendation will be **ADOPTED** to the extent consistent with this Memorandum Opinion, and this case will be **REMANDED** to the Commissioner for further consideration consistent herewith pursuant to sentence four of 42 U.S.C. § 405(g).

An appropriate Order will be entered.

Entered: March 7, 2013.

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge